

639 Heights Boulevard • Houston, Texas 77007
Tel: 832-723-4776 • Fax: 832-476-9656
www.misralegal.com

BOARD CERTIFIED
LABOR AND EMPLOYMENT LAW

AMIT K. MISRA, ESQ., P.C.
amit@misralegal.com

January 8, 2020

Honorable Dena Hanovice Palermo
United States Courthouse
515 Rusk Street, Room 7727
Houston, Texas 77002

Re:  Case No. 4:19-cv-01053; *Ravel Ferrera-Parra v. United Airlines, Inc.*; Before the U.S. District Court, Southern District of Texas, Houston Division.

Dear Judge Palermo:

I am writing to seek your assistance in obtaining responses to written discovery from the plaintiff in the matter referenced above.

I served the defendant's written discovery requests – first requests for production (nineteen requests), first request for admissions (fifteen requests), and first set of interrogatories (seven interrogatories) – by email on November 19, 2019. *See* Ex.1. The plaintiff sent an email on the same date in response, which appeared to condition his responses to written discovery on the defendant's participation in some alleged investigation by certain federal government agencies:

> As I said before, United digs deeper, and my offer stands beyond fair above you: if you all are willing to do the same with the liability of defendant's actions & application of information since 2015 & have it be reviewed by a capable agency: DOJ // DOL/ HHS EBSA & OS ... you have my okay to chase my birth certificate to Kenya if you feel like having it.
>
> Otherwise, If you wanna know how much blood comes out with every bowel moment you'll need a court order to have a marshal force me on a bucket & measure it for you!

*See* Ex.2. I did not respond to this email.

On December 12, 2019, the plaintiff sent me an email in connection with the defendant's designation of expert witness and an earlier discussion regarding a settlement demand. In this email, the plaintiff stated, "I'm working hard to complete that 'LIST' United Requires... still on it, be sure. — Maybe I'll request an extension." *See* Ex.3. Despite this email, the December 19, 2019 due date for responses to written discovery passed without any request for an extension, much less any responses.

As a result, on December 23, 2019, I sent the plaintiff another email enquiring about the status of his responses to written discovery requests. *See* Ex.4. He responded on the same date, stating—

> I can send in partial... of list.  \*\*\*Perhaps one List in Order of Priority will help provide what UA corporate desires in segments  \*\*\*
>
> \*\*\*
>
> Of course there are a few requests I will not consent to and that has been addressed previously, there might even be a need to have the courts gather those medical records since United is not the only corporation inclined to unethical corporate reviews, manipulation, & seizures on petty self-interest.
>
> Not like I'll have much else to do this Xmas anyway, so I might as well stay true to nature & comply

*See* Ex.5.

As of today, fifty days since he was served, the plaintiff has not produced any responses to written discovery requests. This includes the HIPAA-compliant authorizations for release of medical records which the Court addressed during the October 11, 2019 initial scheduling conference as well as the November 5, 2019 status conference.

Given that the Court's docket control order set a discovery deadline of January 31, 2020, I request that the Court address this matter as soon as possible.

Regards,

THE MISRA LEGAL GROUP

By: _____
    Amit K. Misra, Esq., P.C.

Enclosures