United States District Court
Southern District of Texas
**ENTERED**
March 30, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAVEL FERRERA-PARRA, | § | |
| *Plaintiff*, | § | |
| v. | § | CASE NO. 4:19-CV-1053 |
| UNITED AIRLINES, INC., | § | |
| *Defendant*. | § | |

# MEMORANDUM AND ORDER

This is a suit for disability discrimination under the Americans with Disabilities Act and the Texas Labor Code. *See* ECF No. 16 at 8. Before the Court for ruling pursuant to 28 U.S.C. § 636(c), ECF No. 23, are: (1) two motions filed by Plaintiff pertaining to the recusal and/or disqualification of the undersigned and other court staff, ECF Nos. 61 and 63; (2) Defendant's motion to strike Plaintiff's summary judgment evidence, ECF No. 53; and Defendant's motion for summary judgment, ECF No. 47. For the reasons given below, the Court DENIES Plaintiff's motions concerning recusal and/or disqualification, GRANTS Defendant's motion to strike, and GRANTS Defendant's motion for summary judgment.

1

## I. Motions for Recusal and/or Disqualification (ECF Nos. 61 and 63)

Plaintiff, who proceeds *pro se* in this suit, has filed two motions requesting the recusal and/or disqualification of the undersigned, and of others, from further proceedings in this case. The first motion, which was entered on the electronic docket under the title "Motion to Reconsider Recusal of Judge," ECF No. 61, essentially asks the Court to reconsider its previous denial of Plaintiff's first motion for recusal, *see* Order, ECF No. 60. Plaintiff's second motion, which appears to be a largely verbatim copy of the first motion, was entered on the electronic docket under the title "Motion that Judge Dena P[a]lermo, Case Manager Carol Felchak and Attorney Amit Misra be disqualified from further proceedings in case no. 4:19cv1053 by Chief Judge or Committee of Judges and to compel evidence concerning relative video footage as held by the Office of Marshal Quintero and for a pretrial hearing on Recusal/Disqualification by chief judge or committee." ECF No. 63. Defendant filed a response to both motions, ECF Nos. 62 and 64, and Plaintiff filed a reply in connection with the second motion, ECF No. 65.

### A. Procedural Background

On September 24, 2019, the parties consented, pursuant to 28 U.S.C. § 636(c), to have the undersigned conduct all further proceedings in this case,

2

including hearings and rulings on motions, pretrial conferences and trial, and the entry of final judgment. ECF No. 23.

On October 11, 2019, the Court held an initial conference. ECF No. 25. That same day, the Court entered an order providing that "Plaintiff may only communicate with the Court via email or phone, if he is calling to schedule a motion hearing or to discuss a setting," and that "no further communications shall contain any obscene materials." ECF No. 27. The order stated that the reason these provisions were necessary was because "Plaintiff ha[d] been sending email communications to Judge Palermo's case manager[, s]ome of which are inappropriate and unacceptable, and may be a violation of federal criminal law." *Id.* Specifically, Plaintiff had sent the Court's case manager an email containing multiple pictures of Plaintiff's buttocks and one of his anus. The Court admonished Plaintiff at the October 11 hearing that sending those types of images to the court was inappropriate and that he should not do so again in the future. The Court encouraged the parties to settle their dispute and, with their consent, referred them to mediation before Judge Peter Bray on November 12, 2019. On November 6, 2019, the Court held a telephone conference on a discovery issue. Plaintiff failed to appear. Plaintiff was directed to execute medical releases at the mediation. Minute Order, ECF No. 33. The parties attempted to mediate the case, but did not reach a settlement.

On January 14, 2020, the Court held a discovery hearing at which the parties appeared. ECF No. 38. The Court ordered the Plaintiff to respond to Defendant's request for production but denied Defendant's motion to compel interrogatory responses or admissions. Instead, the Court ordered the Defendant to obtain that information during Plaintiff's deposition, after which a new scheduling order would be entered. ECF No. 39.

In July, Plaintiff filed a motion for leave to amend. ECF No. 43. ECF No. 48. Defendant opposed the motion. ECF No. 45. The Court set it for hearing on July 31, 2019. Plaintiff failed to appear at the hearing. The Court denied the motion for leave to amend as untimely under the docket control order and the Plaintiff had not demonstrated good cause under Rule 16(b)(4) of the Federal Rules of Civil Procedure. ECF No. 50.

On September 30, 2020, Plaintiff filed a motion for the undersigned to recuse herself from this case. ECF No. 56. In that motion, Plaintiff accused the undersigned and the undersigned's case manager of engaging in *ex parte* communications with Defendant's counsel and of taking other hostile actions against Plaintiff. Plaintiff provided no evidence to support those claims. Accordingly, on October 6, the Court issued an order denying the motion to recuse. ECF No. 60.

On November 2, 2020, Plaintiff filed the motion to reconsider that ruling. ECF No. 61. Defendant filed a response. ECF No. 62. On November 10, 2020, Plaintiff filed another motion again seeking disqualification of the undersigned, of the undersigned's case manager, and of opposing counsel. ECF No. 63. Defendant filed a response, and Plaintiff filed a reply. ECF Nos. 64 and 65.

### B. Plaintiff's Motions Are Without Merit

In his motion to reconsider the order denying his first motion to recuse, Plaintiff asserts that the undersigned and the undersigned's case manager should be recused and/or disqualified because they have committed "Misconduct" and/or "hav[e] the logical appearance of Partiality." ECF No. 61 at 1. Plaintiff also asserts that Defendant's counsel should be disqualified for "dishonesty & contempt of court." *Id.* Plaintiff's motion to disqualify largely repeats the assertions contained in the motion to reconsider. ECF No. 63.

Plaintiff's motions contain speculation and baseless accusations concerning the Court, the Court's staff, and opposing counsel. Without repeating that content here, it is sufficient to observe that Plaintiff's motions appear to be based entirely on the October 11, 2019 hearing and, to a lesser extent, the January 14, 2020 hearing.[1] At the October 11, 2019 hearing, the Court admonished Plaintiff

---

[1] Plaintiff's motion briefly refers to various other incidents, including rules implemented by the Court in connection with the filing of documents. However, Plaintiff does not sufficiently

5

concerning the photographs he had emailed to the Court's case manager and, in light of that incident, entered an order restricting Plaintiff from unrestrained communications with the Court via email or phone. Plaintiff maintains that the Court's actions amounted to "intimidation" and require recusal and/or disqualification. ECF No. 61 at 2–3. With respect to the January 14, 2020 hearing, Plaintiff suggests that Defendant's counsel secretly met with the undersigned in chambers prior to the hearing and in that connection requests court security camera footage to support his claims. ECF No. 61 at 7–8. Plaintiff also appears to suggest that the same events transpired prior to the October 11, 2019 hearing. *Id.*

Plaintiff's motions implicate two statutes.[2] *See Haskett v. Orange Energy Corp.*, 161 F. Supp. 3d 471, 473 (S.D. Tex. 2015) (Rosenthal, J.) ("A party may move to recuse a judge under either 28 U.S.C. § 144 or 28 U.S.C. § 455."). The first is 28 U.S.C. § 144, which governs motions to recuse in the federal courts relating to charges of actual bias or prejudice, *see Haskett*, 161 F. Supp. 3d at 473 (collecting cases), and states as follows:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter

---

identify any connection between those incidents and his request for recusal and/or disqualification.

[2] Plaintiff also cites the Model Code of Judicial Conduct, Canon 2. *See* ECF No. 63 at 8. Because Plaintiff provides no intelligible argument in connection with the numerous provisions of that canon, the Court concludes that any such argument is waived. *See Rathbone v. Bank of New York Mellon for RML Tr. 2013-2*, No. 4:17-CV-1828, 2018 WL 615084, at *4 n.6 (S.D. Tex. Jan. 9, 2018) (Palermo, J.), *adopted*, 2018 WL 588363 (S.D. Tex. Jan. 29, 2018).

> is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

It is well established that a motion for recusal or disqualification under 28 U.S.C. § 144, if unaccompanied by a timely and sufficient affidavit as stated in the statute, shall be denied. *United States v. Branch*, 850 F.2d 1080, 1083 (5th Cir. 1988); *Blum v. Gulf Oil Corp.*, 597 F.2d 936, 938 (5th Cir. 1979); *Haskett*, 161 F. Supp. 3d at 473 ("The threshold requirement under § 144 is that a party file an affidavit demonstrating personal bias or prejudice against that party by the district judge."). Neither of Plaintiff's motions is accompanied by an affidavit as required by the statutory language. *See* ECF Nos. 61 and 63. Accordingly, to the extent Plaintiff's motions arise under 28 U.S.C. § 144, the motions are DENIED.

The second statute Plaintiff's motions implicate is 28 U.S.C. § 455, which "covers an *appearance* of bias or prejudice." *Haskett*, 161 F. Supp. 3d at 473 (emphasis added). That statute states in pertinent part, that "[a]ny . . . magistrate judge of the United States shall disqualify himself in any proceeding in which his

7

impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The statute also provides for disqualification where the magistrate judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." *Id.* § 455(b)(1).

"The appearance of impartiality controls the § 455 analysis, not whether a judge subjectively believes herself to harbor bias or prejudice." *Haskett*, 161 F. Supp. 3d at 473. "An objective standard for evaluating bias applies." *Id.* More specifically, "[r]ecusal is required under § 455(a) only if 'a reasonable and objective person, knowing all of the facts, would harbor doubts concerning the judge's impartiality.'" *Id.* at 473–74 (quoting *Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 484 (5th Cir. 2003)). In determining whether this objective standard has been met in a particular case, the court's "review should entail a careful consideration of context, that is, the entire course of judicial proceedings, rather than isolated incidents, which includes the origin of a judge's alleged bias. *Id.* at 474 (internal quotation marks and citations omitted). "As articulated by the Supreme Court, this rule more or less divides events occurring or opinions expressed in the course of judicial proceedings from those that take place outside of the litigation context and holds that the former rarely require recusal." *Id.*

In this case, Plaintiff has not pointed to any facts or evidence which would lead a reasonable and objective person to harbor doubts concerning the

8

undersigned's impartiality in this case. The Court's admonition to Plaintiff regarding the photographs sent to the Court's case manager, and its corresponding restriction on Plaintiff's future communications via email and phone with the Court, was not the result of bias or prejudice but was instead a necessary action taken to maintain decorum and order during these proceedings. Furthermore, the Court once again states that it has never met in secret with Defendant's counsel, and Plaintiff has failed to provide a shred of evidence to suggest that any such meetings occurred prior to the October 2019 and January 2020 hearings or ever. To the contrary, every communication the undersigned has had with either Plaintiff or defense counsel occurred **on the record** during scheduled court hearings. No reasonable and objective observer would view Plaintiff's suggestions to the contrary as having any merit.

Insofar as § 455(b)(1)'s actual bias provision is concerned, the Court rejects Plaintiff's suggestion that any of the actions it has taken were motivated by personal bias or prejudice. *See Frost v. Am. Lung Assoc. of Cent. States*, No. 4:09-cv-310, 2009 WL 3697988, at *1 (S.D. Tex. Oct. 29, 2009) (Froeschner, J.). The Court possesses none of the prejudices Plaintiff suggested. *Id.* (citing *United States v. Gregory*, 656 F.2d 1132, 1137 (5th Cir. Unit B 1981), for the proposition that "a sufficient showing as to 'pervasive bias and prejudice' must exist so as to warrant the undersigned's disqualification or recusal under the statute").

Insofar as Plaintiff's motions have been filed due to Plaintiff's disagreement with the undersigned's disposition of other motions and issues in this case, such disagreement provides no grounds for recusal or disqualification. It is well settled that "[j]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Haskett*, 161 F. Supp. 3d at 474 (internal quotation marks and citation omitted). Plaintiff provides no evidence that this Court's rulings "display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.*

Accordingly, to the extent Plaintiff's motions arise under 28 U.S.C. § 455, the motions are DENIED.[3]

## II. Motion to Strike Plaintiff's Summary Judgment Evidence (ECF No. 53)

After moving for summary judgment, ECF No. 47, Defendant filed a motion to strike much of Plaintiff's summary judgment evidence, ECF No. 53. The Court must therefore consider the motion to strike before proceeding to consider the motion for summary judgment.

Federal Rule of Civil Procedure 56 requires that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents,

---

[3] Furthermore, Plaintiff's requests that the court's case manager and that opposing counsel be disqualified from this case are DENIED. Plaintiff points to no legal authority permitting relief of this nature against non-judicial officers and in any event has failed to adequately support his claims of misconduct with evidence.

electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). The rule further provides that "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." *Id.* at 56(c)(2). On a motion for summary judgment, "[a] court may not consider hearsay or unauthenticated documents." *Corbin v. Sw. Airlines, Inc.*, No. 4:17-cv-2813, 2018 WL 4901155, at *5 (S.D. Tex. Oct. 9, 2018) (Rosenthal, J.). Furthermore, "[n]either legal conclusions nor statements made without personal knowledge are admissible." *Id.*

Defendant asks the Court to strike unauthenticated documents that appear in Exhibits 1 and 2 to Plaintiff's response to Defendant's motion for summary judgment. ECF No. 53 ¶ 4. Specifically, Defendant asks that the Court strike ECF No. 52-1 at pages 2, 4, 6-22, 24-27, and 84-112, and ECF No. 52-2 at pages 19-21, 23, and 29. Defendant argues that these documents either purport to be copies of records Plaintiff produced in response to Defendant's discovery requests, or were not produced before the discovery deadline, and that in any event Plaintiff has failed to authenticate the documents. Defendant also asks the Court to strike comments written on Plaintiff's exhibits, namely, comments written on ECF

11

No. 52-1 at pages 23, 45, and 87, and ECF No. 52-2 at pages 1-20 and 22-28. Plaintiff filed no response to the motion to strike.

Having reviewed the documents and comments Defendant cited, the Court agrees that they must be stricken because they have not been properly authenticated as the rules governing motions for summary judgment require. None of those documents or comments are properly supported by affidavits or otherwise properly verified, and Plaintiff offers no argument as to how the Court could take cognizance of them despite this deficiency.

Accordingly, Defendant's motion to strike is GRANTED.

### III. Defendant's Motion for Summary Judgment (ECF No. 47)

Plaintiff brings his claims under the Americans with Disabilities Act and Chapter 21 of the Texas Labor Code. The Court previously summarized allegations in Plaintiff's amended complaint as follow:

> Plaintiff began working as a flight attendant for Continental Airlines, now United, in October 1998. He alleges that on February 10, 2017, he attended a catered, company-sponsored event. Plaintiff alleges that after he ate the food at the event, he "experienced a severe toxic reaction" that caused him to suffer a fever of 105 degrees, severe dehydration, and "development of an ongoing case of Colitis." *See* Amended Complaint, p. 2. Plaintiff alleges that he filed "a claim for [his] on the job injury," but the claim was denied.
>
> Plaintiff alleges that he attempted to return to work on March 13, 2017. Plaintiff alleges he was not permitted to work although he had been cleared to return to work by the United Employee Clinic physician and by his personal doctor. Plaintiff was later notified that

12

he could return to work, at which time he was told "to reconsider [his] career options." *See id.* at 3.

Plaintiff alleges that after he returned to work, he was subjected to abuse and intimidation. *See id.* Plaintiff alleges that after he returned to work, he was falsely accused of misconduct. *See id.* Plaintiff alleges that his employment with United was terminated on June 13, 2017, allegedly based on the false accusation. *See id.*

Plaintiff in his Amended Complaint asserts claims of discrimination in violation of "Ch. 21 of Texas Labor Code . . . and Americans With Disabilities Act of 1990, as amended, because of my disability." *Id.* at 4.

Memo. & Order, ECF No. 16 at 1–2.

In moving for summary judgment, Defendant argues that Plaintiff cannot state a *prima facie* claim for disability discrimination under the ADA or the Texas Labor Code. ECF No. 47 at 12–16.[4] To establish *a prima facie* case of disability

---

[4] Defendant makes three additional arguments as well. As its second argument, Defendant maintains that even if Plaintiff could satisfy all four elements of his prima facie case, he cannot adduce evidence that Defendant's stated reasons for terminating Plaintiff—namely, that it had a reasonable belief that Plaintiff had fallen asleep on the job and used profane language with a co-worker—were a pretext. ECF No. 47 at 16–23. Defendant also maintains that, with respect to his Chapter 21 claim, Plaintiff cannot demonstrate the existence of a genuine issue of material fact as to whether the motivating factor for Plaintiff's termination was his protected characteristic. *Id.* at 23. Because Plaintiff has failed to establish a *prima facie* case, the question of whether Plaintiff could establish pretext and/or that his protected status was a motivating factor in his termination does not arise. Moreover, Plaintiff fails to point to any evidence in his response that indicates a triable fact issue on either question.

Defendant's third and fourth arguments, however, are without merit. As its third argument, Defendant maintains that Plaintiff cannot claim economic damages after March 2018 because, according to Defendant, Plaintiff "unambiguously testified that because of his health conditions, he would not have been able to perform the job duties of a flight attendant after March 2018." ECF No. 47 at 23–25. However, the very deposition testimony Defendant cites shows that the question asked of Plaintiff was whether he believed he could have performed "the essential functions" of his flight attendant job after March 2018. ECF No. 47 at 19. Defendant's counsel failed to ask Plaintiff whether he could have performed those essential functions *even*

13

discrimination under either statute, a plaintiff must establish the following four elements: (1) that he is disabled, has a record of having a disability, or is regarded as disabled; (2) that he is qualified for his job; (3) that he was subjected to an adverse employment action on account of his disability or the perception of his disability; and (4) that he was replaced by or treated less favorably than a non-disabled employees. *EEOC v. Chevron Phillips Chem. Co.*, 570 F.3d. 606, 615 (5th Cir. 2009); *see also Drechsel v. Liberty Mut. Ins. Co.*, 695 F. App'x 793, 798 (5th Cir. 2017) (using the same elements for a claim of disability discrimination under Chapter 21 of the Texas Labor Code). Defendant argues that Plaintiff cannot offer any evidence to satisfy the first, third, or fourth elements.

### A. Legal Standard for Summary Judgment

"Summary judgment is appropriate only if 'the movant shows that there is

---

with a reasonable accommodation. *See* 42 U.S.C. § 12111(8) (defining a "qualified individual" for purposes of the ADA as "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires."); *Allen v. Rapides Par. Sch. Bd.*, 204 F.3d 619, 622 (5th Cir. 2000). Accordingly, the deposition excerpt Defendant relies upon is insufficient to support summary judgment as to economic damages after March 2018.

As its fourth argument, Defendant maintains that Plaintiff failed to mitigate his damages. ECF No. 47 at 25–26. "[T]he burden is on the employer to prove failure to mitigate." *West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 393 (5th Cir. 2003) (quoting *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1045 (5th Cir. 1998)). At a minimum, the employer must prove that the employee did not make reasonable efforts to obtain new work. *Id.* Here, Defendant points to an excerpt from a deposition in which Plaintiff testified that he did not look for work during 2019 because he was suffering from the symptoms of colitis while living in his truck. ECF No. 47 at 26. The Court construes this testimony to mean that Plaintiff was essentially incapacitated during 2019 from his illness. Nonetheless, Defendant fails to provide any legal authority or argument demonstrating what constitutes a reasonable effort to obtain replacement work under similar conditions. Accordingly, Defendant has not discharged its burden of demonstrating its entitlement to summary judgment on the issue of (partial) mitigation of damages.

no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Tolan v. Cotton*, 572 U.S. 650, 656–57 (2014) (quoting Fed. R. Civ. P. 56(a)). The summary-judgment movant bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the record that demonstrate the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Chevron Phillips Chem. Co.*, 570 F.3d at 615. If the movant seeks summary judgment based on an issue for which the nonmoving party bears the burden of proof at trial, the movant may satisfy this initial burden by showing that there is an absence of evidence to support an essential element of the nonmoving party's case and that, as a result, judgment should be entered in the movant's favor on the basis of purely legal considerations. *Celotex*, 477 U.S. at 325; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). If the summary-judgment movant carries its initial burden, the burden then shifts to the nonmoving party to show that summary judgment should not be granted. *Celotex*, 477 U.S. at 323–24; *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). The nonmoving party may discharge this burden by identifying specific evidentiary material showing that there is a genuine issue for trial. *Sanchez v. Young Cty., Tex.*, 866 F.3d 274, 279 (5th Cir. 2017); *Isquith ex rel. Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 198–200 (5th Cir. 1988).

In evaluating his response to the motion for summary judgment, the Court is mindful of Plaintiff's *pro se* status. "[P]leadings of pro se litigants, including oppositions to motions for summary judgment, must be construed liberally and reviewed less stringently than those drafted by attorneys." *Thorn v. McGary*, 684 F. App'x 430, 432–33 (5th Cir. 2017). At the same time, however, "pro se parties must still comply with the rules of procedure and make arguments capable of withstanding summary judgment." *Id.* (internal quotation marks and citations omitted); *accord Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (per curiam))).

### B. Plaintiff Failed To Identify Evidence Creating A Fact Question

By pointing to three elements of Plaintiff's *prima facie* case for which there is purportedly an absence of evidence, Defendant has satisfied its initial burden as the summary judgment movant.

With respect to the first element, Defendant argues that Plaintiff cannot provide evidence that he is disabled, has a record of having a disability, or is regarded as disabled. ECF No. 47 at 18–19. Defendant first observes that Plaintiff has admitted that he did not have an actual disability at the time his employment was terminated and that he instead alleges that Defendant *perceived* or *regarded*

him as being disabled due to nerve damage, ADHD, and/or colitis. *Id.* at 7 (citing Pl.'s Dep. 57:20–58:19).

To be "regarded as" having a disability for purposes of the ADA and its Texas state-law analogue, a plaintiff must: (1) have an impairment which is not substantially limiting but which the employer perceives as substantially limiting; (2) have an impairment which is substantially limiting only because of the attitudes of others towards such an impairment; or (3) have no impairment at all but be regarded by the employer as having a substantially limiting impairment. *Bleak v. Providence Health Ctr.*, 454 F. App'x 366, 368 (5th Cir. 2011). Taking each in turn, Defendant argues that there is no evidence: (1) that any management employee regarded Plaintiff as being restricted in his ability to perform his job; (2) that any management employee or co-worker held any attitude toward Plaintiff's health conditions, let alone an attitude that substantially limited Plaintiff; and (3) that Plaintiff was unimpaired, given his own testimony that he suffered from impairments including ADHD, nerve damage, and colitis. ECF No. 47 at 19.

With respect to the third element of Plaintiff's *prima facie* case, Defendant argues that Plaintiff has no evidence of a causal nexus between the adverse employment action (i.e., Plaintiff's termination) and his disability. ECF No. 47 at 19–20. Defendant cites two cases in which the plaintiff had satisfied this element, *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 700 (5th Cir. 2014), and *Chevron Phillips*

17

*Chem.*, 570 F.3d. at 612, and contrasts those with the present case. In particular, Defendant maintains that there is no evidence that any management employee regarded Plaintiff's health conditions as a disability, that there is no evidence of any criticism of Plaintiff's job performance by a management employee which occurred only after the employee learned of Plaintiff's health conditions, and that there is no evidence of any management employee deciding to terminate Plaintiff's employment only after learning about Plaintiff's conditions.

With respect to the fourth element of Plaintiff's *prima facie* case, Defendant contends that Plaintiff does not have evidence that he was treated less favorably than a non-disabled comparator employee. ECF No. 47 at 20–21. "[F]or a plaintiff to show disparate treatment, he must demonstrate that the misconduct for which he was discharged is 'nearly identical' to that engaged in by an employee outside of his protected class whom the employer retained." *McCollum v. Puckett Machinery Co.*, 628 F. App'x 225, 230 (5th Cir. 2015). Defendant cites evidence showing that it terminated a non-disabled flight attendant in 2013 "for sleeping or giving the appearance of sleeping and directing offensive language toward a co-worker." ECF No. 47 at 20. Defendant also cites evidence indicating that Plaintiff committed the same offenses as that flight attendant and was treated in similar fashion. *Id.* at 21.

Accordingly, since Defendant met its initial burden, the burden shifted to Plaintiff to demonstrate why summary judgment should not be granted, a burden

Plaintiff could have discharged by pointing to specific evidence in the record demonstrating the existence of a genuine issue of material fact concerning those three *prima facie* elements. In his three-page response to Defendant's motion for summary judgment, however, Plaintiff failed to cite any specific record evidence to support any of the three identified elements. ECF No. 52. Plaintiff did attach 141 pages of exhibits to his response, but he did not direct the Court's attention to any specific portions of those voluminous exhibits. It is well settled that "[w]hen evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court." *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Id.* (citing *U.S. v. Dunkel,* 927 F.2d 955, 956 (7th Cir.1991) ("Judges are not like pigs, hunting for truffles buried in briefs.")).

Here, Plaintiff failed to discharge his burden on summary judgment. Indeed, even if the motion to strike much of Plaintiff's summary judgment evidence had not been granted, Plaintiff's failure to cite to specific portions of the record to support his claims would in be sufficient to grant Defendant's motion for summary judgment. *Id.*

Accordingly, Defendant's motion for summary judgment is GRANTED.

## IV. Conclusion

For the reasons stated above, it is hereby **ORDERED** that: (1) Plaintiff's motions pertaining to the recusal and/or disqualification of the undersigned and other court staff, ECF Nos. 61 and 63, are **DENIED**; (2) Defendant's motion to strike Plaintiff's summary judgment evidence, ECF No. 53, is **GRANTED**; and Defendant's motion for summary judgment, ECF No. 47, is **GRANTED**. Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

An order of final judgment will issue separately.

Signed on March 30, 2021, at Houston, Texas.

*Dena Palermo*

**Dena Hanovice Palermo**
**United States Magistrate Judge**